# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Criminal No. M-10-0134-S2** |
| **vs.** | § | |
| | § | |
| **CESAR ENRIQUE SARMIENTO-MENDOZA,** | § | |
| **Defendant.** | § | |

## CHILD VICTIMS' SENTENCING MEMORANDUM

Pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(a)(1), (4) and (8), C.M.V.M., D.L.C.V. and B.Y.C.V., Honduran citizens, sisters, minors and victims of the offense for which Defendant Sarmiento-Mendoza was convicted (hereinafter, the "Child Victims"), through their counsel and court appointed guardian ad litem ("GAL"), submit the following Sentencing Memorandum.  On or about September 8, 2010, Defendant Sarmiento-Mendoza entered a plea of guilty to one count of sex trafficking of a minor child by force, fraud or coercion.  Because his base offense level under the United States Sentencing Commission's Advisory Sentencing Guidelines (the "Guidelines") is 43 and because of the circumstances involved, the Child Victims ask this Court to order restitution to C.M.V.M., D.L.C.V. and B.Y.C.V. in the amounts of $563,925.46, $568,454.64 and $576,421.16,[1] respectively and to sentence Defendant Sarmiento-Mendoza to 30 years imprisonment.

---

[1] The basis for the amounts for which the Child Victims seek Restitution are set forth more fully in the Motion for Order of Mandatory Restitution and Declaration of Victim Losses for D.L.C.V., B.Y.C.V. and C.M.V.M., a copy of which will be filed concurrently with this Memorandum.

I.      FACTUAL BACKGROUND

        At all times relevant to this case, Defendant Sarmiento-Mendoza worked in the El Paraiso

Bar in Mission, Texas along with the Co-Defendants Beleal Garcia-Gonzalez, Jenny Beatris

Parada-Ponce, Elizabeth Mendez-Vasquez and Maria Luisa Vasquez-Garcia.      Sarmiento-

Mendoza worked for Garcia-Gonzalez as a bouncer in the bar and acted as his second in

command when Garcia-Gonzalez was not present.

        In 2009, the Child Victims were recruited from their own living room in Honduras under

the guise that they would be working at a restaurant.  Instead, the Child Victims, as young teens

(ages 17, 15 and 14 when the crimes occurred) were forced to go to work at the El Paraiso,

wearing sexually provocative clothes, such as tube tops, miniskirts and stiletto heels.

        The Child Victims' duties were to drink beers, talk with and, when requested, dance with

the customers.  They were told that they would make $20 per day and $3 per beer drank, but they

were never paid.  This was problematic because the Child Victims were also required to

contribute to rent and food expenses, but they had nothing to contribute.  Within days of their

arrival, they were told that another way to make money was to have sexual relations with the

customers.  Because they did not receive money for their daily work at the bar or the beers they

drank, prostitution was the only way they could cover their most basic expenses.

        C.M.V.M. and B.Y.C.V. were each forced to engage in sexual intercourse with El Paraiso

patrons.  D.L.C.V., age 14, watched a bar patron negotiate with Garcia-Gonzalez for her, but she

did not end up having intercourse with that individual or any other bar patron.  She was,

however, forced to dance with customers who would touch her between her legs against her

wishes.

        When the girls weren't working at the El Paraiso, they were housed in a residence on

Lusby Street in Mission, Texas, where Co-Defendants Parada-Ponce and Mendez-Vasquez also

resided.  The Child Victims were not permitted to leave the Lusby Street residence unless authorized by Garcia-Gonzalez or Sarmiento-Mendoza.

Throughout the period the Child Victims worked at El Paraiso, Defendant Sarmiento-Mendoza enforced Garcia-Gonzalez's scheme to coerce the girls to prostitute themselves and to prevent them from escaping.  When Garcia-Gonzalez was not present, Sarmiento-Mendoza collected the Child Victims' prostitution earnings from customers.  On at least one occasion, Sarmiento-Mendoza transported C.M.V.M. and B.Y.C.V. either to or from Garcia-Gonzalez's home for purposes of prostitution.

The evidence presented at Garcia-Gonzalez's trial strongly supports a term of at least 30 years' imprisonment for Sarmiento-Mendoza.  Defendant Sarmiento-Mendoza testified that he was "in charge" when Garcia-Gonzalez was away.  C.M.V.M. and B.Y.C.V. testified Sarmiento-Mendoza would prostitute them in Garcia-Gonzalez's absence.  This criminal scheme was not a one-time, violent outburst.  Rather, this was a crime that exploited the Child Victims both as "waitresses" and prostitutes over many weeks.

Separate and apart from the testimony at Garcia-Gonzalez's trial, B.Y.C.V. and D.L.C.V. report that they were each forced to have sexual intercourse with Sarmiento-Mendoza.

On January 13, 2010, U.S. Immigration Customs and Enforcement ("ICE") agents raided the Lusby Street residence, arrested Garcia-Gonzalez and others, and took the Child Victims into protective custody.  Eventually, the Child Victims were placed in the custody of the U. S. Department of Health and Human Services Office of Refugee Resettlement ("ORR") pursuant to 6 U.S.C. § 279(g)(2).  In late February 2010, ORR moved the Child Victims to a social service agency in Michigan which specializes in long term foster care for unaccompanied refugee youth.

The agency provides the Child Victims with 24 hour placement care, including medical care, therapeutic foster care, education and access to independent legal counsel.

Child prostitution is a gross violation of the Child Victims' rights and dignity. *See generally,* Willis & Levey: *Child Prostitution: global health burden, research needs, and interventions*: THE LANCET, V359(9315), PG 1417-1422 (2002). Researchers have found that the impacts of child sex trafficking on the victim "**compare to or exceed symptoms experienced by torture victims"** (emphasis added). *See* Cathy Zimmerman et al., *Stolen Smiles: a summary report on the physical and psychological health consequences of women and adolescents trafficked in Europe* p.16 (2006). In addition, the Child Victims will likely suffer serious long term psychological harm, including anxiety, depression and behavior disorders. *See* Willis & Levey, pg 1419. The objectification and contempt aimed at the Child Victims can become internalized and solidified "resulting in self loathing that is long lasting and resistant to change." *See* Farley et. al, *Prostitution and Trafficking in Nine Countries: An Update on Violence and Posttramatic Stress Disorder*", JOURNAL OF TRAUMA PRACTICE, Vol. 2, No. 3/4, p 33-74 at 58 (2003). Prostituted children are also at high risk of suicide. *See* Willis & Levey, pg 1419.

They are also at high risk for post-traumatic stress disorder. *Id, see also:* Melissa Farley et al., *Prostitution in Five Countries: Violence and Post-Traumatic Stress Disorder (South Africa, Thailand, Turkey, USA, Zambia)*, FEMINISM & PSYCHOLOGY Volume 8(4):405-426 (1998). Researchers have concluded that these mental health problems pose serious challenges to effective treatment and reintegration of child trafficking victims into society. *See* Willis & Levey, at 1419.

- 4 -

In short, the Child Victims will continue to suffer adverse effects from Defendant Sarmiento-Mendoza's criminal acts for many years to come.  Consequently, the Child Victims recommend a term of 30 years imprisonment.

II.     ADVISORY GUIDELINE CALCULATION

Below is a summary of the Child Victims' Guidelines calculation:

| **Offense Levels and Adjustments** | **Cesar Enrique Sarmiento-Mendoza** |
|---|---|
| 1.   The base offense level is 34 pursuant to U.S.S.G. § G1.3(a)(1). | 34 |
| 2.   Because the Child Victims were under Defendant Sarmiento-Mendoza's custody, care or supervisory control, 2 levels must be added pursuant to § 2G1.3(b)(1) | 2 |
| 3.   Because the Child Victims were unduly influenced by Defendant or other participants in the scheme to engage in prohibited sexual conduct, 2 levels must be added pursuant to § 2G1.3(b)(2). | 2 |
| 4.   Because Counts One through Three included a sex act or sexual contact, 2 levels must be added pursuant to § 2G1.3(b)(4) | 2 |
| 5.   Because the Child Victims were undocumented aliens, they were vulnerable victims (unrelated to age) and 2 levels must be added pursuant to § 3A1.1(b)1. | 2 |
| 6.   Because Defendant Sarmiento-Mendoza was a manager or supervisor and the criminal activity involved five or more participants or was extensive, 3 levels must be added pursuant to U.S.S.G. § 3B1.1(b). | 3 |
| 7.   Pursuant to his plea agreement and U.S.S.G. § 3E1.1(a), Defendant is entitled to a 2 level decrease for acceptance of responsibility. | 2 |
| 8.   Total Offense Level | 43 |

With the above calculations, the total adjusted offense level for Defendant Sarmiento-Mendoza is 43.

- 5 -

A.      **Force, Fraud or Coercion**

Pursuant to U.S.S.G. § 2G1.3(a)(1), the defendant's base offense level is 34 if he or she was convicted under 15 U.S.C. § 1591(b)(1).  Section 1591(b)(1) provides:

> "(b) The punishment for an offense under subsection (a) is –
>
> (1) if the offense was effected by force, fraud or coercion…, by a fine under this title and imprisonment for a term of years not less than 15 or for life;"

18 U.S.C. § 1591(e)(1).

> For purposes of Section 1591(b)(1), the term "coercion" includes:
>
> (a) threats of serious harm or physical restraint against any person;
>
> (b) any scheme, plan or pattern intended to cause a person to believe that failure to perform an act would result in serious harm or physical restraint against any person; or"

18 U.S.C. § 1591(e)(2).

The term "serious harm" means any harm whether physical or nonphysical, including psychological, financial or reputational harm, that is sufficiently serious, under all the circumstances to compel a reasonable person of the same background and in the same circumstances to perform or continue performing sexual activity in order to avoid incurring that harm."  18 U.S.C. § 1591(e)(4).

Here, the Child Victims were clearly lured to the United States under fraudulent pretenses.  Once in the United States, they were only allowed to be at the El Paraiso Bar or the Lusby Street residence.  During trial, the Child Victims called Defendant Sarmiento-Mendoza the "guard," and effectively he acted as one during this criminal venture.

Sarmiento-Mendoza's guilty plea to Count Three of the Superseding Indictment establishes the special issue of force, fraud or coercion.  Consequently U.S.S.G. § 2G1.3(a)(1) applies and Defendant Sarmiento-Mendoza's base offense level is 34.

DALLAS\115276.1
ID\LVD - 019956/0771

B.      **Specific Offense Characteristics**

     1.      **The Child Victims Were Entrusted To Defendant's Custody, Care Or Supervisory Control**

U.S.S.G. § 2G1.3(b) sets forth a series of offenses characteristics, which if applicable, result in base offense level increases.  U.S.S.G. § 2G1.3(b)(1) provides:

> If (A) the defendant was a parent, relative or legal guardian or (B) the minor was otherwise in the custody, care or supervisory control of the defendant, increase by 2 levels.

The Application Note for U.S.S.G. 2G1.3(b) states that this subsection is intended to have "broad application and includes offenses involving a victim less than 18 years of age entrusted to the defendant, whether temporarily or permanently."  See Application Note 2(A).  The Child Victims were temporarily under Defendant Sarmiento-Mendoza's care, custody and supervisory control while they were working at the El Paraiso, particularly when Garcia-Gonzalez was absent, until ICE rescued them on January 13, 2010.  Accordingly, his base offense level must be increased by 2 levels from 34 to 36.

     2.      **A Participant In The Scheme Unduly Influenced The Child Victims To Engage In Prohibited Sexual Conduct**

U.S.S.G. § 2G1.3(B)(2) provides:

> If (A) . . . ; or (B) a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct, increase by 2 levels."

The term "prohibited sexual conduct" means "any sexual activity for which a person can be charged with a criminal offense."  *See* Application Note 1 to § 2A3.1.  In determining whether a participant "unduly influenced" the minor to engage in such conduct, "the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior.  The voluntariness of the minor's

- 7 -

behavior may be compromised without prohibited sexual conduct occurring." *See* Application Note 3(B), - Undue Influence, to § 2G1.3.

Here, the Child Victims were undocumented aliens in a foreign country, thousands of miles from home and heavily indebted to Garcia-Gonzalez. Defendant Sarmiento-Mendoza knew that the Child Victims were forced to have sex with El Paraiso Bar patrons to repay Garcia-Gonzalez, facilitated such prostitution and he did nothing to stop these children from being exploited. The 2 level enhancement under U.S.S.G. § 2G1.3(b)(2) applies and increases Defendant Sarmiento-Mendoza's base offense level from 36 to 38.

>    3.   **The Offense Involved The Commission Of A Sex Act Or Sexual Contact**

U.S.S.G. 2G1.3(b)(4) provides for a 2 level increase if "the offense involved the commission of a sex act or sexual contact." The term "sexual act" includes any contact between the penis and the vulva, any contact between the mouth and the penis, and any penetration of the genital opening of another with an intent to arouse or gratify the sexual desire of any person. *See* Application Note 1 to § 2G1.3 and 18 U.S. C. § 2246(2). The term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, breast, inner thigh of any person with an intent to arouse or gratify the sexual desire of any person. *See* Application Note 1 to § 2G1.3 and 18 U.S.C. § 2246(3). Both C.M.V.M. and B.Y.C.V. testified to being forced to leave and have sexual relations with bar customers. All of the Child Victims testified to being touched in a sexual manner by bar customers.

As a result, Defendant Sarmiento-Mendoza's base offense level is increased from 38 to 40.

C.    **The Child Victims Were Unusually Vulnerable Victims Unrelated To Their
      Age**

U.S.S.G. 3A1.1(b)(1) provides:

> If the defendant knew or should have known that a victim of the
> offense was a vulnerable victim, increase by 2 levels.

Application Note 2 to § 3A1.1(b) states that the above subsection is not to be applied "if

the factor that makes the person a victim vulnerable is incorporated in the offense guideline.  For

example, if the offense guideline provides an enhancement for the age of the victim, this

subsection would not be applied unless the victim was <u>unusually</u> <u>vulnerable</u> for <u>reasons</u> <u>unrelated</u>

<u>to age</u>" (emphasis ours).

In this instance, the Child Victims were unusually vulnerable because they were

undocumented, far from their home and family, intentionally isolated, and indebted to Garcia-

Gonzalez, without the ability to repay unless they prostituted themselves in accordance with his

instructions.

Consequently, § 3A1.1(b) applies and Defendant's base offense level is increased from

40 to 42.

D.    **Defendant Sarmiento-Mendoza Was A Manager Or Supervisor And The
      Criminal Activity Involved Five Or More Participants Or Was Extensive**

U.S.S.G. § 3B1.1(b) provides:

> If the Defendant was a manager or supervisor (but not an organizer
> or leader) and the criminal activity involved five or more
> participants or was otherwise extensive, increase by 3 levels.

Defendant Sarmiento-Mendoza acted as Garcia-Gonzalez's second in command and as

the criminal ventures manager or supervisor, particularly when Garcia-Gonzalez was absent from

the El Paraiso.  Because of these circumstances, U.S.S.G. § 3B1.1(b) is applicable and

Defendant's base offense level is increased to 45.

- 9 -

E.     **Acceptance Of Responsibility**

Pursuant to his plea agreement, Defendant Sarmiento-Mendoza is entitled to a 2 level decrease in his base offense level from 45 to 43 for acceptance of responsibility.  Based on an offense level of 43, the resulting advisory Guideline range for Sarmiento-Mendoza, is life imprisonment.

The Child Victims do not believe, however, that Sarmiento-Mendoza should receive the same sentence as Garcia-Gonzalez, who was clearly this criminal venture's organizer and leader. As a result, the Child Victims recommend a sentence of 30 years' imprisonment for Defendant Sarmiento-Mendoza.

F.     **Criminal History**

The Child Victims do not know whether Defendant Sarmiento-Mendoza has any prior criminal convictions.

As a result, the Child Victims assume that the Defendant falls within Criminal History Category I.  Pursuant to Application Note 2 to the Chapter Five Sentencing Table, Defendant Sarmiento-Mendoza's base offense level is 43.

III.    ANALYSIS OF FACTORS UNDER 18 U.S.C. § 3553

The Child Victims submit that a sentence of 30 years is needed to reflect the seriousness of Defendant Sarmiento-Mendoza's offense, to provide just punishment for his offense, to deter future similar criminal conduct by others and to promote respect for the law.

**CONCLUSION**

For all of these reasons, the Child Victims ask that the Court order restitution to C.M.V.M., D.L.C.V. and B.Y.C.V in the amounts of $563,925.46, $568,454.64 and $576,421.16 respectively, and sentence Defendant Sarmiento-Mendoza to a term of imprisonment of 30 years.

- 10 -

Respectfully submitted,

Dykema Gossett PLLC

HEIDI NAASKO, GUARDIAN AD LITEM


/s/ Katarzyna "Kathy" Brozynski
Katarzyna "Kathy" Brozynski
*Attorney-In-Charge*
SBN: 24036277
kbrozynski@dykema.com
DYKEMA GOSSETT PLLC
Comerica Bank Tower
1717 Main Street, Suite 4000
Dallas, Texas  75201
(214) 462-6400 – Telephone
(214) 462-6401 – Facsimile

Heidi Naasko
MI Bar No. P58783
hnaasko@dykema.com
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor, MI  48104
(734) 214-7660 – Telephone
(734) 214-7696 – Facsimile

**ATTORNEYS FOR THE GAL AND CHILD VICTIMS**

<u>CERTIFICATE OF SERVICE</u>

I certify that on this 2nd day of December 2010, a copy of the foregoing was served upon all counsel of record via the court's electronic filing system.

/s/ Katarzyna "Kathy" Brozynski
Katarzyna "Kathy" Brozynski
*Attorney-In-Charge*
SBN: 24036277
kbrozynski@dykema.com
DYKEMA GOSSETT PLLC
Comerica Bank Tower
1717 Main Street, Suite 4000
Dallas, Texas  75201
(214) 462-6400 – Telephone
(214) 462-6401 – Facsimile

Heidi Naasko
MI Bar No. P58783
hnaasko@dykema.com
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor, MI  48104
(734) 214-7660 – Telephone
(734) 214-7696 -- Facsimile

**ATTORNEYS FOR THE GAL AND CHILD VICTIMS**