UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | Criminal No. M-10-134-52 |
| § | |
| vs. § | |
| § | |
| § | |
| MARIA LUISA VASQUEZ-GARCIA, § | |
| Defendant. § | |

## CHILD VICTIMS' SENTENCING MEMORANDUM

Pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(a)(1), (4) and (8), C.M.V.M., D.L.C.V. and B.Y.C.V., Honduran citizens, sisters, minors, and victims of the offense for which Defendant Vasquez-Garcia was convicted (hereinafter, the "Child Victims"), through their counsel and court appointed guardian ad litem ("GAL"), submit the following Sentencing Memorandum. On or about August 27, 2010, Defendant Vasquez-Garcia pled guilty to Count IV of the Superseding Indictment, namely, conspiring to harbor illegal aliens for purposes of commercial advantage or private financial gain. Because Defendant's base offense level under the United States Sentencing Commission's Advisory Sentencing Guidelines (the "Guidelines") is at least 20 and because of the circumstances involved, the Child Victims ask this Court to order restitution to C.M.V.M., D.L.C.V. and B.Y.C.V. in the amounts of $563,925.46, $568,454.64 and $576,421.16,[1] respectively and to sentence Defendant Vasquez-Garcia to four years imprisonment.

---

[1] The basis for the amounts for which the Child Victims seek Restitution are set forth more fully in the Motion for Order of Mandatory Restitution and Declaration of Victim Losses for D.L.C.V., B.Y.C.V. and C.M.V.M., a copy of which will be filed concurrently with this Memorandum.

I.        FACTUAL BACKGROUND

At all times relevant to this case, Defendant Vasquez-Garcia worked in the El Paraiso Bar in Mission, Texas along with the co-Defendants and co-conspirators Beleal Garcia-Gonzalez, Cesar Enrique Sarmiento-Mendoza, Jenny Beatris Parada-Ponce and Elizabeth Mendez-Vasquez.

In 2009, the Child Victims were recruited from their own living room in Honduras under the guise that they would be working at a restaurant. Instead, the Child Victims, as young teens (ages 17, 15 and 14 when the crimes occurred) were forced to go to work at the bar, wearing tube tops, miniskirts and stiletto heels and heavy makeup while working. They were housed in a residence on Lusby Street under guard by Garcia-Gonzalez or one or more of his co-conspirators. Their duties were to drink beers, talk with and, when requested, dance with the customers. They were told that they would make $20 per day and $3 per beer drank, but they were never paid. This was problematic because the Child Victims were also required to contribute to rent and food expenses, but they had nothing to contribute. Within days of arrival, it was told to them that another way they could make money was to have sexual relations with the customers. Because they did not receive money for the daily work at the bar or the beers they drank, prostitution was the only way they could cover their most basic expenses.

C.M.V.M and B.Y.C.V. were each forced to engage in sexual intercourse with El Paraiso patrons. D.L.C.V., age 14, watched a bar patron negotiate with Garcia-Gonzalez for her, but she did not end up having intercourse with that individual or any other bar patron. She was, however, forced to dance with customers who would touch her between her legs against her wishes.

When the girls weren't working at the El Paraiso, they were housed in a residence on Lusby Street in Mission, Texas, where Co-Defendants Parada-Ponce and Mendez-Vasquez also

resided.  The Child Victims were not permitted to leave the Lusby Street residence unless authorized by Garcia-Gonzalez or Sarmiento-Mendoza.  Throughout the period the Child Victims worked at El Paraiso, Defendant Vasquez-Garcia enforced Garcia-Gonzalez's scheme to coerce the girls to prostitute themselves and to prevent them from escaping.

On January 13, 2010, U.S. Immigration Customs and Enforcement ("ICE") agents raided the Lusby Street residence, arrested Garcia-Gonzalez, Vasquez-Garcia and others, and took the Child Victims into protective custody.  Eventually, the Child Victims were placed in the custody of the U. S. Department of Health and Human Services Office of Refugee Resettlement ("ORR") pursuant to 6 U.S.C. § 279(g)(2).  In late February 2010, ORR moved the Child Victims to a social service agency in Michigan which specializes in long term foster care for unaccompanied refugee youth.  The agency provides the Child Victims with 24 hour placement care, including medical care, therapeutic foster care, education and access to independent legal counsel.

When Defendant Vasquez-Garcia was arrested at the Lusby Street residence, she was interviewed by ICE agents.  Vasquez-Garcia admitted she knew that Garcia-Gonzalez had arranged for the Child Victims to be smuggled into the United States for the purpose of working at the El Paraiso, that they were indebted to Garcia-Gonzalez, that they would be compensated for their work at the bar at the rate of $20 per day and that they were prostituted to the bar patrons.  *See* Criminal Complaint in U.S. v. Garcia-Gonzalez, Case No. M-10-0255-M, filed January 14, 2010, Attachment A at pp. 3-4.

The Defendant Vasquez-Garcia is culpable for her participation in this terrible and brutal child prostitution ring.  It is such that the Child Victims support giving Defendant Vasquez-Garcia 4 years imprisonment for the crimes committed against them.

## II. ADVISORY GUIDELINE CALCULATION

Below is a summary of the Child Victims' Guidelines calculation:

| Offense Levels and Adjustments | Elizabeth Vasquez-Garcia |
|---|---|
| 1. The base offense level is 12 pursuant to U.S.S.G. § 2L1.1(a)(3). | 12 |
| 2. Because the Defendant harbored the Child Victims who were minors unaccompanied by a parent or grandparent, 2 levels must be added pursuant to § 2L1.1(b)(4) | 2 |
| 3. Because the offense involved intentionally or recklessly creating a substantial risk of serious bodily injury to the Child Victims, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18, i.e., add 4 levels pursuant to U.S.S.G. § 2L1.1(b)(6). | 4 |
| 4. Because the Child Victims were involuntarily detained through coercion and in connection with a demand for payment after being smuggled into the U.S., increase by 2 pursuant to U.S.S.G. § 2L1.1(b)(8)(A). | 2 |
| 5. Because the Child Victims were undocumented aliens, they were vulnerable victims (unrelated to age), and 2 levels must be added pursuant to U.S.S.G. § 3A1.1(b)1. | 2 |
| 6. Pursuant to the Defendant's Plea Agreement and acceptance of responsibility under U.S.S.G. § 3E1.1(a), decrease by 2 levels. | -2 |
| 8. Total Offense Level | 20 |

With the above calculations, the total adjusted offense level for Defendant Vasquez-Garcia is 20.

The resulting guideline range for Defendant Vasquez-Garcia, based on an offense of 20 is between 33 and 41 months imprisonment.

### A. **Smuggling, Transporting, Or Harboring An Unlawful Alien**

- 4 -

Pursuant to U.S.S.G. § 2L1.1(a)(3), Defendant Vasquez-Garcia's base offense level is 12 because she was convicted of conspiring to violate 8 U.S.C. § 1324(a), and not 8 U.S.C. § 1327.

B. **Specific Offense Characteristics**

1. **Harboring A Minor Unaccompanied By The Minor's Parent Or Grandparent.**

For purposes of U.S.S.G. § 2L1.1, the term "minor" means an individual who has not attained the age of 16 years. See U.S.G. 2L1.1 Application Note 1 Definitions. Because D.L.C.V. and B.Y.C.V. were 14 and 15 years of age at the time they were harbored and because they were not accompanied by a parent or grandparent, U.S.S.G. 2L1.1(b)(4) applies and Defendant Vasquez-Garcia's base offense level must be increased by 2 levels from 12 to 14.

2. **The Conspiracy Intentionally Or Recklessly Created A Risk Of Serious Bodily Injury To The Child Victims.**

U.S.S.G. § 2L1.1(b)(6) provides that:

> "If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than 18, increase to level 18."

Pursuant to U.S.S.G. § 1B1.1, Application 1(L), the term "serious bodily injury" means "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or <u>mental</u> <u>faculty; or</u> <u>requiring</u> <u>medical</u> <u>intervention</u> such as surgery, hospitalization, or physical rehabilitation. In addition, "serious bodily injury" is deemed to have occurred if the <u>offense</u> <u>involved</u> <u>conduct</u> <u>constituting</u> <u>criminal</u> <u>sexual</u> <u>abuse</u> under 18 U.S.C. § 2241 or § 2242 or any similar offense under state law "(emphasis ours). A person who knowingly causes another person to engage in a sexual act or attempts to do so by using force against that other person or by threatening or by placing that other person of fear that any person will be subjected to serious bodily injury violates 18 U.S.C. § 2241(a). For purposes of 18

- 5 -

U.S.C. § 2241(a), the term "sexual act" includes contact between the penis and the vulva and the intentional touching, not through the clothing, or the genitalia of another person under 16 years with an intent to abuse, humiliate or arouse the sexual desire of any person. *See* 18 U.S.C. § 2246(2).

As mentioned earlier, as a result of being coerced into prostituting themselves, the Child Victims have suffered significant trauma and resulting in long term foster care.

Consequently, U.S.S.G. § 2L1.1(b)(6) applies and Defendant Vasquez-Garcia's base offense level is increased from 14 to 18.

> 3. **The Child Victims Were Involuntarily Detained Through Coercion And In Connection With A Demand For Payment After Being Smuggled Into The United States.**

U.S.S.G. § 2L1.1(b)(8)(A) provides:

> "If an alien was involuntarily detained through coercion or threat, or in connection with a demand for payment, (i) after the alien was smuggled into the United States, or (ii) while the alien was transported or harbored in the United States, increase by 2 levels."

Here, the Child Victims were involuntarily detained through coercion both at the El Paraiso where Vasquez-Garcia worked and at the Lusby Street residence.

Because U.S.S.G. § 2L11.1(b)(8)(A) applies, Vasquez-Garcia's base offense level should be increased by 2 levels from 18 to 20.

> C. **The Child Victims Were Unusually Vulnerable Victims Unrelated To Their Age**

U.S.S.G. 3A1.1(b)(1) provides:

> If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels.

Application Note 2 to § 3A1.1(b) states that the above subsection is not to be applied "if the factor that makes the person a victim vulnerable is incorporated in the offense guideline. For

- 6 -

example, if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was <u>unusually vulnerable</u> for <u>reasons unrelated to age</u>" (emphasis ours).

In this instance, the Child Victims were unusually vulnerable because they were undocumented, intentionally isolated from family in Honduras, verbally and physically abused into submission, far from their home, and without financial resource, yet were indebted to the Co-Defendant Garcia-Gonzalez, without the ability to repay unless they prostituted themselves in accordance with his instructions.

Consequently, § 3A1.1(b) applies and Defendant Vasquez-Garcia's base offense level is increased from 20 to 22.

### D. **Acceptance of Responsibility**

Pursuant to her plea agreement, Defendant Vasquez-Garcia is entitled to a 2 level decrease in her base offense level form 22 to 20 for acceptance of responsibility.

### E. **Criminal History**

The Child Victims do not know whether Defendant Vasquez-Garcia has any prior criminal convictions.

As a result, the Child Victims assume that the Defendant falls within Criminal History Category I. Pursuant to Application Note 2 to the Chapter Five Sentencing Table, Defendant Vasquez-Garcia has a base offense level of 20.

The Sentencing Guideline Range for a base offense level of 20 is from 33 to 41 months imprisonment.

III. <u>ANALYSIS OF FACTORS UNDER 18 U.S.C. § 3553</u>

The Child Victims submit that a sentence of four years' imprisonment is needed to reflect the seriousness of Defendant Vasquez-Garcia's offense, to provide just punishment for these offenses, to deter future similar criminal conduct by others and to promote respect for the law.

## **CONCLUSION**

For all of these reasons, the Child Victims ask that the Court order restitution to C.M.V.M. and D.L.C.V. and B.Y.C.V. in the amounts of $563,925.46, $568,464.64 and $576,421.16, respectively, and sentence the **Defendant Vasquez-Garcia to a term of four years imprisonment.**

Respectfully submitted,

DYKEMA GOSSETT PLLC

HEIDI NAASKO, GUARDIAN AD LITEM

/s/ Katarzyna "Kathy" Brozynski
Katarzyna "Kathy" Brozynski
*Attorney-In-Charge*
SBN: 24036277
kbrozynski@dykema.com
DYKEMA GOSSETT PLLC
Comerica Bank Tower
1717 Main Street, Suite 4000
Dallas, Texas  75201
(214) 462-6400 – Telephone
(214) 462-6401 – Facsimile

Heidi Naasko
MI Bar No. P58783
hnaasko@dykema.com
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor, MI  48104
(734) 214-7660 – Telephone
(734) 214-7696 -- Facsimile

**ATTORNEYS FOR THE GAL AND CHILD VICTIMS**

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of December 2010, a copy of the foregoing was served upon all counsel of record via the court's electronic filing system.

/s/ Katarzyna "Kathy" Brozynski
Katarzyna "Kathy" Brozynski
*Attorney-In-Charge*
SBN: 24036277
kbrozynski@dykema.com
DYKEMA GOSSETT PLLC
Comerica Bank Tower
1717 Main Street, Suite 4000
Dallas, Texas 75201
(214) 462-6400 – Telephone
(214) 462-6401 – Facsimile

Heidi Naasko
MI Bar No. P58783
hnaasko@dykema.com
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor, MI 48104
(734) 214-7660 – Telephone
(734) 214-7696 -- Facsimile

**ATTORNEYS FOR THE GAL AND CHILD VICTIMS**