UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL NO. M-10-134 |
| v. § | |
| § | |
| BELEAL GARCIA-GONZALEZ § | |

### UNITED STATES NOTICE REGARDING CHANGE IN LAW

The United States respectfully submits this Notice to advise the Court of a recent amendment to 18 U.S.C. § 1594 (one of the statutes governing forfeiture in this case).

### BACKGROUND

Defendant, Beleal Garcia-Gonzalez, was convicted of sex trafficking of children in violation of 18 U.S.C. § 1591.  Following his conviction, the Court ordered restitution in a total amount of $1,052,688.43 to three minor victims, and entered a Preliminary Order of Forfeiture  as to certain real property pursuant to 18 U.S.C. § 1594 (Doc. No. 278).[1]

### AMENDMENT TO 18 U.S.C. § 1594

Congress recently amended 18 U.S.C. § 1594 to state:

> Notwithstanding any other provision of law, the Attorney General shall transfer assets forfeited pursuant to this section, or the proceeds derived from the sale thereof, to satisfy victim restitution orders arising from violations of this chapter.

18 U.S.C. § 1594(f)(1).  In its Response to the victims' Motion to Enforce the Order Granting Restitution and for Final Order of Forfeiture, which was filed prior to this

---

[1] Defendant was also convicted of harboring illegal aliens and conspiracy to harbor illegal aliens, and the same real property was also forfeited pursuant to 18 U.S.C. § 982(a)(6).

change in law, the United States explained that once a final order of forfeiture is obtained, federal regulation, specifically 28 C.F.R. § 9.8, expressly limits the remission and restoration of forfeited assets to the victims' documented pecuniary losses and it excludes remission and restoration for psychological and emotional injuries and for future and collateral expenses like therapy and housing (Doc. Nos. 361, 366).[2] As a result of the recent amendment to § 1594, those regulatory limitations and exclusions have been superseded for cases like this where property is forfeited pursuant to § 1594 and there is an outstanding restitution order arising from certain violations like sex trafficking.[3]

Before a final order of forfeiture may be obtained, third parties known to have alleged an interest in the property must be served with notice of the Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. The United States is presently taking steps to have a notice of Preliminary Order of Forfeiture and copy of the Preliminary Order of Forfeiture personally served on Land Grabber LLC (the entity that purchased the property at a sheriff's sale in October 2014—years after the Preliminary Order of Forfeiture was issued). Additionally, in light of the amendment to § 1594, the

---

[2] At that time, the United States also stated in its Response to the victims' Motion that enforcement of the government's restitution lien against the real property may be a more suitable course of action than completing the forfeiture and pursuing remission/restoration.

[3] The United States understands that third-party agencies have paid for a significant portion of the losses included in the restitution order. The United States will, if appropriate, address this issue by separate pleading at a later date. *See* 18 U.S.C. § 3664(j)(1) ("If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such provider of compensation.").

United States re-urges its motion to set aside the sale to Land Grabber LLC, which is presently pending before the Court (Doc. No. 370).

>Respectfully submitted,
>
>Kenneth Magidson
>United States Attorney
>
>By: *s/Lori S. Roth*
>Lori S. Roth
>SDTX Bar No. 1383270
>Susan Kempner
>SDTX Bar No. 6507
>Assistant United States Attorneys
>United States Attorney's Office
>1000 Louisiana, Suite 2300
>Houston, TX 77002
>Telephone: (713) 567-9000

## CERTIFICATE OF SERVICE

A true and correct copy of this pleading was served on counsel of record via electronic filing.

>*s/ Lori S. Roth*
>Lori S. Roth

3