IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

BELEAL GARCIA-GONZALEZ, )
    Defendant-Petitioner, )
                                  )     Case No. 7:14-cv-00501
                                  )                 7:10-CR-134-01
V. )
                                  )
                                  )
UNITED STATES OF AMERICA, )
    Respondent. )

## MOTION FOR THE RETURN OF SEIZED PROPERTY

NOW COMES, the Defendant-Petitioner, Beleal Garcia-Gonzalez, proceeding pro se in the above captioned cause, respectfully moves this Honorable Court for an order for the return of his personal property.

### INTRODUCTION

It has long been held that the Government is required to return seized property at the conclusion of the criminal proceeding for which the evidence was gathered. This general principle is recognized by the Supreme Court in United States v. Wallace & Tiernan Co., 336 U.S. 793, 800 69 S.Ct. 824, 93 L.Ed. 1042 (1949), a case in which the Court found: "[D]ismissal of the pending indictment after holding the grand jury illegally created a situation where appellees were entitled to return of their [property] as a matter of course." (Emphasis supplied).

Indeed, this has been the unchangeable rule in the Fifth Circuit for more than half a century. Taylor v. United States, 483 F.3d 385, 387 (5th Cir. 2007); and Clymore v. United States, 217 F.3d 373 (5th Cir. 2000).

Other Circuits also adhere closely to the rule as well. For example, United States v. Moore, 423 F.Supp. 858, 860 (S.D. Va.

1976), a trial court carefully surveyed the authorities and reaffirmed that a defendant has the right to the return of property which were seized for use in the investigation or trial. These decisions uniformly reject the possibility of future Government action as a basis for refusing to return of [property] which were acquired in a matter that has been completed.

A motion filed pursuant to Fed. R. Crim. P. 41(g), and directed to the Court which considered the original criminal case, is the proper avenue for relief in these circumstances. The rule expressly provides:

> "A person aggrieved by...the deprivation of property may move for the property's return....If [the district court] grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in the later proceedings."

The Advisory Committee Note to the Rule expressly adopts the authority previously cited and make it clear that, once the criminal proceedings are concluded, the government has no reasonable claim on property seized in connection with those proceedings.

## RELIEF SOUGHT

Mr. Garcia-Gonzalez moves this Court for an order directing the Government to return: $ 5,000 in cash that was in the register; Three (3) cell phones; personal photos that were stored in cell phones; pictures; One (1) video camera, CD's; personal papers/paperwork and legal documents; birth certificates of children; two identification cards; and any other personal property that was not a part of a forfeiture proceeding.

Mr. Garcia-Gonzalez asserts that he is the lawful owner of the property that is listed in this motion. This property was seized from Petitioner on or about January 13, 2010, at his place of business and residence. The search of those premises and the seizure of this property was unlawful because it was not a part of the forfeiture proceedings, he did not receive a notice of forfeiture on these items, they were seized against Mr. Garcia-Gonzalez's will, and without any probable cause to believe that a crime was being or had been committed with these instruments.

Further, because Mr. Garcia-Gonzalez is entitled to lawful possession of the property listed herein, and because the government has no legitimate need for this property, the property should be returned to the defendant according to the procedures specified in Rule 41(g) of the Federal Rules of Criminal Procedure.

## CONCLUSION

For the foregoing reasons set forth herein, Mr. Garcia-Gonzalez's prayer is that this court issue an order directing the return of the enlisted property.

RESPECTFULLY SUBMITTED ___ day of August, 2015.

Beleal Garcia-Gonzalez
Reg. No. 26523-279
FCI Victorville I
P.O. Box 3725
Adelanto, CA. 92301

## CERTIFICATE OF SERVICE

I, Beleal Garcia-Gonzalez, certify under penalty of perjury that I have sent the original and one copy of my "Motion for the Return of Property," to the: Clerk of the United States District Court for the Southern District of Texas, 1701 W. BUS. HWY. 83 STE. 1011, McAllen - Texas 78501, via the institutional mailing system here a FCI Victorville I, this _8_ day of August, 2015.

RESPECTFULLY SUBMITTED,

*[signature]*

Beleal Garcia-Gonzalez
Reg. No. 26523-279
FCI Victorville I
P.O. Box 3725
Adelanto, CA. 92301


Prepared By: A.J. Scott



NAME: Beleal Garcia-Gonzalez
REG #: 26523-279
FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 3725
ADELANTO, CA 92301

Legal Mail

Clerk of the Court
United States District Court
Southern District of Texas
1701 W. BUS. HWY. 83, STE. 1011
McAllen, TX. 78501

CERTIFIED MAIL

7014 1200 0000 8114 9855

7850135178 C015